ELLEN BRIMBLECOM *vs.* WASHINGTON HAVEN & another, Executors.

A bequest of the interest of a certain sum, not setting apart any fund for its payment, is a gift of an annuity equal to the interest of said sum, and is not chargeable with any tax, expense of management, or other deduction by the executor.

THIS was an action against the executors of Samuel Brimblecom, to recover ninety dollars, being three months' interest on $6,000, which the plaintiff, widow of said Samuel, claimed under the following clause in her husband's will: "I devise and bequeath to her (the plaintiff) the use and improvement of one third part of all my household furniture and real estate, of which I die seised and possessed, and the interest of six thousand dollars ; to have and to hold the same to her, for and during her natural life." No question was made whether any payment was due quarterly, but the parties agreed that if the plaintiff was entitled under said will to the interest of $6,000, without deduction for taxes, service of trustees, or otherwise, judgment was to be entered for the sum of ninety dollars, but if she was entitled only to the net income of said sum, judgment for seventy-seven dollars.

*J. C. Stickney,* for the plaintiff.

*J. B. Newhall,* for the defendants.

SHAW, C. J.    This is a very narrow question, upon the construction of a clause in the will of Samuel Brimblecom, deceased. Being desirous of making an ample provision for his wife, he gives her the use and improvement of one third part of all his real estate, and the use of one third of the household furniture, and then adds,— and the interest of $6,000, — to have, &c., for and during her natural life.

Here is no setting apart of any fund; it is, in effect, the gift of an annuity out of his estate, of a fixed sum of money annually, measured and expressed by the terms, "interest of $6,000," equivalent to $360. Should a change be made in the legal interest of money, a question may arise, whether these annual payments should change with it. But no such altera-

tion has been made, and, therefore, we have no occasion to consider that question. *Swett* v. *Boston*, 18 Pick. 123. Here being no creation of any trust fund, but a clear payment directed by the testator to be made by his executor out of his estate, it was chargeable with no tax, expense of management, or other deduction, the court are of opinion, that the full quarter's interest of ninety dollars was due to the plaintiff, and on the facts agreed, that she is entitled to judgment for that sum.                          *Judgment for the plaintiff.*